UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL R. COVINO,

      Plaintiff,

v.                                                    CASE No. 8:07-CV-765-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his

claims for Social Security disability benefits and supplemental security

income payments.[*]  Because the decision of the Commissioner of Social

Security is supported by substantial evidence and contains no reversible error,

the decision will be affirmed.

I.

The plaintiff, who was fifty-two years old at the time of the most

recent administrative hearing (Tr. 888), and who has a high school education

(Tr. 889), has worked relevantly as a chef and a kitchen cabinet installer (Tr.

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 13).

89). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to degenerative joint disease of the left knee and hepatitis C (Tr. 85). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge issued an unfavorable decision and the claimant subsequently sought judicial review of the decision (Covino v. Apfel, Case No. 8:99-CV-2313-T-23(B)). Based upon my Report and Recommendation, on June 15, 2000, the law judge's decision was reversed and the case remanded for further proceedings. Accordingly, the Appeals Council issued an order on August 1, 2000, vacating the decision and remanding the case. Another hearing was held by a different law judge and thereafter a second unfavorable decision was issued. The claimant requested review of the decision and, on March 21, 2000, the Appeals Council vacated that decision and again remanded the case. Accordingly, on April 15, 2003, a third hearing was held.

Following that hearing, the law judge found the plaintiff has a severe combination of impairments consisting of degenerative joint disease

-2-

of the left knee status post replacement surgery, major depression with
polysubstance abuse, hepatitis B and C, hypertension, diabetes mellitus,
cervical spondylosis, and an unspecified contracture of the right hand (Tr.
374, 384).   The law judge concluded that these impairments limited the
plaintiff to light work with the need to alternate between sitting, standing, and
walking during an eight-hour workday and with the following additional
restrictions: A frequent limitation of lifting and carrying up to twenty pounds;
a frequent limitation in bending, kneeling, climbing, and tasks requiring fine
manual dexterity; an occasional limitation in interacting with the public and
concentrating on assigned tasks; and a limitation to routine tasks in an
environment without temperature extremes (Tr. 389).   The law judge
determined that these restrictions prevented the plaintiff from performing past
work (id.).  However, based upon the testimony of a vocational expert, the
law judge ruled that jobs exist in significant numbers in the national economy
that the plaintiff could perform, such as a machine operator, garment sorter,
and parking lot attendant (id.).  Accordingly, the law judge decided that the
plaintiff was not disabled.  The Appeals Council let the decision of the law
judge stand as the final decision of the Commissioner.

-3-

II.

In order to be entitled to Social Security disability benefits and supplemental security income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, in order to receive disability benefits, the plaintiff must show that he became disabled before his insured status expired on June 30, 1999. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

-4-

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff raises four challenges to the law judge's decision. Two of them are interdependent. None warrants reversal.

The plaintiff argues first that the law judge failed to include all of the plaintiff's impairments in his hypothetical question to the vocational expert. "[T]o constitute substantial evidence, the [vocational expert's] testimony must be based on a hypothetical posed by an ALJ which encompasses all of the claimant's impairments." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). On the other hand, the law judge is not required to include limitations in the hypothetical that the law judge has rejected as unsupported. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

In this case, the law judge included in his hypothetical question to the expert all of the functional limitations he set forth in his determination of the plaintiff's residual functional capacity (see Tr. 389, 933). Accordingly, the plaintiff's challenge to the operative hypothetical question depends upon his attack on the law judge's determination of the plaintiff's residual functional capacity, which is the plaintiff's third issue.

The plaintiff, in particular, contends that the law judge failed to accept certain limitations opined by consulting examiner Dr. Roger K. Schwartzberg and consulting mental health examiner Peter M. Bursten, Ph.D., and as a result did not include such limitations in his hypothetical question (Doc. 16, pp. 16-18). The law judge, however, adequately explained why he discounted those opinions.

Initially, it is noted that both consultative doctors saw, and examined, the plaintiff only once. Therefore, their opinions cannot be held in the same regard as those of a treating physician. See Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Moreover, Dr. Schwartzberg practices in the area of internal medicine (Tr. 639), and the plaintiff's primary problems were orthopedic.

-7-

With respect to the opinions from Dr. Schwartzberg, the law judge stated that the physical capacity described in Dr. Schwartzberg's examination "is much in accord with [the law judge's] evaluation of the rest of the medical evidence," and he "afforded it considerable weight" (Tr. 386). The law judge added that, to the extent that he found the claimant capable of somewhat more functional activity than Dr. Schwartzberg did, his primary reason was because he found the plaintiff to be less than credible regarding his symptoms and limitations (Tr. 385). Throughout the lengthy decision, the law judge provided ample basis for finding the plaintiff not totally credible. Significantly, the plaintiff has not challenged the law judge's credibility determination.

With respect to Dr. Schwartzberg's opinions, the law judge specifically stated that the plaintiff "has displayed magnification of complaints and even inaccurate statements of medical history on consultative examinations" (id.). This adverse credibility determination, combined with the law judge's review of the medical record and the absence of corroborating opinions from other doctors, adequately supports the law judge's determination to discount Dr. Schwartzberg's opinions that the plaintiff was

-8-

limited to pushing and pulling with the lower extremities; could climb only occasionally; could never balance, kneel, crouch, crawl, or stoop; and engage in finger manipulation only occasionally (see Tr. 637-38). In other words, the evidence does not compel the conclusion that the law judge erred in discounting Dr. Schwartzberg's opinions and in determining that the plaintiff could perform those activities to the extent that the law judge found. The plaintiff has not attempted to make a showing of such an error with respect to those activities.

The plaintiff does try to develop an argument with regard to Dr. Schwartzberg's opinion that the plaintiff could only stand or walk for less than two hours in an eight-hour day. However, the law judge effectively included this limitation by providing for a sit/stand option.

Moreover, this conclusion is not contradicted, as the plaintiff suggests (Doc. 16, p. 17), by the question to the vocational expert as to whether a person with such a limitation could sustain any type of competitive employment (Tr. 934-35). The vocational expert did not simply answer in the negative, as the plaintiff asserts, but rather said, "In the capacity of light work, no" (Tr. 935). Thus, in response to the question, the expert was merely

-9-

distinguishing between sedentary work, which a person with such a limitation could perform, and light work, the full range of which a person with the limitation could not perform.  This answer does not change the expert's testimony that a person with the plaintiff's residual functional capacity, including the sit/stand option, could perform the jobs that he identified.

For these reasons, the law judge did not err in his treatment of Dr. Schwartzberg's opinions.  Concomitantly, the law judge's hypothetical question to the vocational expert was not flawed because it did not fully reflect all of Dr. Schwartzberg's opinions.

The law judge, also, appropriately considered Dr. Bursten's opinions. Dr. Bursten diagnosed the plaintiff on Axis I with major depressive disorder recurrent, polysubstance dependence with reported remission, and on Axis II with personality disorder NOS (Tr. 643).    He opined that the plaintiff's condition would inhibit his ability to function consistently and effectively on a daily basis (id.). He estimated that the plaintiff's mental state results in marked to moderate limitation to respond to work pressures and a moderate limitation in interacting with others (Tr. 644-45).

-10-

The law judge addressed Dr. Bursten's opinions in detail and accorded them little weight (Tr. 381-82). The law judge in essence determined that the plaintiff was not honest with the psychologist and concluded that the "psychologist obviously did not have a true picture of the claimant's medical history" (Tr. 382; see also Tr. 385). The law judge added that a psychologist who testified at the hearing placed little weight on the test administered by Dr. Bursten (Tr. 383), and the law judge gave much more weight to the testimony of the testifying psychologist (Tr. 386).

The law judge, in short, gave adequate and reasonable grounds for giving little weight to Dr. Bursten's opinions. Consequently, the law judge did not err with respect to either the hypothetical question or the plaintiff's residual functional capacity by not accepting Dr. Bursten's opinions.

That does not mean, however, that the law judge completely rejected evidence of a mental impairment. To the contrary, the law judge found that the plaintiff had a severe impairment of major depression with polysubstance abuse. Moreover, the law judge found that the plaintiff had functional limitations related to that impairment, namely, a restriction to

-11-

routine tasks that only occasionally involve interacting with the public and concentrating on the assigned tasks (Tr. 389).  Aside from Dr. Bursten's opinions, which the law judge reasonably discounted, the plaintiff has not pointed to any evidence establishing mental limitations greater than these (Doc. 16, p. 18).

The plaintiff argues next that the law judge improperly discounted the disability determination of the Department of Veterans Affairs ("VA") (id., pp. 18-19).  The VA in 1995 found the plaintiff twenty to thirty percent disabled (Tr. 216).  After his knee replacement, the VA found him sixty percent disabled (Tr. 356).  In May 2000, the VA found him totally disabled, but provided no explanation for that rating (Tr. 519).

The disability decisions of the VA and other agencies are not binding on the law judge.  20 C.F.R. 404.1504, 416.904.  The court of appeals, however, has said that VA disability determinations must be given great weight.  Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. 1981). The Fifth Circuit explicated this principle in Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001):

> In *Rodriguez* and its progeny, we have sometimes
> referred to a VA disability determination as being
> entitled to "great weight."  While this is true in
> most cases, the relative weight to be given this type
> of evidence will vary depending upon the factual
> circumstances of each case.  Since the regulations
> for disability status differ between the SSA and the
> VA, ALJs need not give "great weight" to a VA
> disability determination if they adequately explain
> the valid reasons for not doing so.

See also Pearson v. Astrue, 271 Fed.Appx. 979 (11th Cir. 2008).

In this case, the law judge considered the rating in his decision,

noting that "[t]he VA medical staff never specifically stated that the claimant

was physically or mentally unable to work" (Tr. 385).  The law judge said

further (Tr. 386):

> The VA records do not cite specific findings as to
> functional capacity.  However, the claimant was
> found "unemployable" by the VA in August 1998
> effective December 1, 1997[,] with a 60% service-
> connected disability rating based on his knee
> condition.   No evidence is cited nor any
> explanation or basis provided for how either the
> 60% rating or the rating of unemployability was
> calculated by the VA.  There is a considerable
> amount of evidence after August 1998 that was not
> considered in this determination, including clear
> evidence of magnification of symptoms,
> manipulative behavior and drug-seeking behavior.

> Therefore, I have found good cause not to afford
> the VA rating substantial or great weight.

This statement fully justifies the law judge's discounting of the VA ratings. Thus, the law judge could reasonably give little weight to the VA ratings in light of the absence of any specific findings or explanation for the ratings. Moreover, he had before him a more extensive record that included evidence of magnification of symptoms and manipulative behavior.

The plaintiff's final argument is that the law judge erred by determining that drugs and alcohol were a contributing factor material to the determination of the plaintiff's disability (Doc. 16, p. 21). The Social Security Act provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter, if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C), 1382c(a)(3)(J). In other words, the Act "preclude[s] the award of benefits when alcoholism or drug addiction is determined to be a contributing factor material to the determination that a claimant is disabled." Doughty v. Apfel, 245 F.3d 1274, 1275 (11th Cir. 2001).

-14-

The law judge commented that, if he had found the plaintiff to be disabled, he would also have found that the plaintiff would not be disabled if he stopped his substance abuse, so that the substance abuse would have been material to a finding of disability (Tr. 388). The plaintiff argues, in connection with this matter, that the law judge failed to determine what physical and mental impairments would remain if the plaintiff stopped his substance abuse (Doc. 16, pp. 21-22).

The Commissioner correctly responds that this issue is irrelevant (Doc. 17, p. 4). The issue only arises after the plaintiff has been found to be disabled. There was no such finding in this case. Accordingly, there is no need to determine whether the plaintiff would be disabled if he stopped his substance abuse.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this

Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this _6th_ day of

September, 2008.

_Thomas G. Wilson_
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE